**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMALUD-DIN ALMAHDI, | : | **Hon. Peter G. Sheridan** |
| Petitioner, | : | Civil No. 06-5408 (PGS) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    JAMALUD-DIN ALMAHDI, #15322-086
    Comprehensive Sanction Center
    10 Fenwick Street
    Newark, New Jersey 07114
    Petitioner Pro Se

    SUSAN J. STEELE, Chief, Civil Division
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102

**Sheridan, District Judge:**

    Jamalud-Din Almahdi, a federal inmate, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued payment toward a court-imposed fine of $125,000.00. On February 21, 2007, Respondents filed a letter in lieu of an answer, seeking dismissal of the Petition as moot. For the reasons expressed below, this Court will dismiss the Petition as moot.

## I. BACKGROUND

Petitioner asserts that he is serving a 24-year term of incarceration imposed by the United States District Court for the Eastern District of New York on November 10, 1986, based on his conviction for trafficking in counterfeit devices. Petitioner alleges that the sentencing court also imposed a fine of $125,000.00 and a five-year term of probation. Petitioner contends that, pursuant to 18 U.S.C. § 3613(b), his obligation to pay the court-imposed fine expired 20 years after the entry of the judgment of conviction, or on November 10, 2006. He seeks a writ of habeas corpus relieving him of his obligation to continue making payments toward the fine.

This Court ordered Respondents to file an answer. On February 21, 2007, the United States Attorney filed a letter, together with the declaration of an Assistant United States Attorney, notifying the Court that Petitioner's liability for payment of the court-imposed fine of $125,000.00 expired on September 10, 2006, and that the Office of the United States Attorney for the Eastern District of New York had ceased its collection efforts with respect to the fine.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the

2

petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the execution of his sentence by the BOP and he was incarcerated in New Jersey at the time he filed the Petition. See Spencer v. Kemna, 523 U.S. 1 (1998). The question here is whether the determination of the United States Attorney for the Eastern District of New York that Petitioner's liability to pay the fine expired on September 10, 2006, and that collection efforts would cease, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .

3

The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges his liability to pay a court-imposed fine of $125,000.00. When the government determined that he is no longer liable to pay the fine and ceased collection efforts, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Accordingly, the Court will dismiss the Petition as moot.

4

## III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

_____
**PETER G. SHERIDAN, U.S.D.J.**

DATED: ___April 10___, 2007